UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH PEACOCK,

        Petitioner,

v.                                CASE NO. 2:16-CV-13921
                                HONORABLE GERALD E. ROSEN
SHANE JACKSON,           UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

     Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. § 2254, in which petitioner challenges his 2005 conviction out of the Wayne County Circuit Court for one count of second-degree murder and one count of felony-firearm. Because petitioner's habeas petition is a successive challenge to this conviction, the Court must transfer this case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b(3)(A) for a determination of whether petitioner should be permitted to file a successive habeas petition.

## I. Background

Petitioner previously filed a habeas petition, in which he challenged his 2005 conviction. Magistrate Judge Virginia M. Morgan issued a report and recommendation that the petition be denied on the merits. *Peacock v. Sherry,* No. 07-12215 (E.D. Mich. Jan. 9, 2009)(Morgan, M.J.). Judge Lawrence P. Zatkoff adopted the report and recommendation and denied the petition on the merits. *Peacock v. Sherry,* No. 07-12215, 2009 WL 395251 (E.D. Mich. Feb. 17, 2009)(Zatkoff, J.)(Adopting Report and Recommendation of Magistrate Judge). Petitioner was subsequently granted an enlargement of time to file objections to the report and recommendation but Judge Zatkoff again adopted the report and recommendation and denied habeas relief. *Peacock v. Sherry,* No. 07-12215, 2009 WL 2900701 (E.D. Mich. Sept. 3, 2009)(Zatkoff, J.)(Adopting Report and Recommendation of Magistrate Judge).

Petitioner has now filed a petition for writ of habeas corpus, in which he again challenges his conviction for second-degree murder and felony-firearm.

## II. Discussion

Before a second or successive habeas petition is filed in a federal

district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997); *Turner v. U.S.,* 181 F. Supp. 2d 700, 706 (E.D. Mich. 2001). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

    Petitioner previously filed a petition for writ of habeas corpus, which was denied on the merits. Petitioner's current habeas petition is thus a

second or successive petition for a writ of habeas corpus and he is required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## III.  ORDER

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Gerald E. Rosen
United States District Judge

Dated:  November 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135